UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON IPO and MICHAEL FREY,
Relator,

      Plaintiffs,

v.                                                                  Case No:  2:19-cv-156-FtM-38MRM

CHARLOTTE PAIN
MANAGEMENT CENTER, INC.,
NANCY HARRIS and SMART
PHARMACY, INC.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court, *sua sponte*, following the Order to Show

Cause as to Relator Jason Ipo, entered on November 13, 2020.  (Doc. 18).

**I.      Background**

On October 14, 2020, the Court entered an Order (Doc. 13) granting a Motion

to Withdraw as Counsel for Jason Ipo.  In that Order, the Court allowed attorney

Benjamin H. Yormak to withdraw as counsel of record for Relator Jason Ipo.  (*Id.* at

2).  The Court afforded Relator fourteen (14) days in which to obtain new counsel or

notify the Court that he chose to proceed *pro se*, which is without the benefit of

counsel.  (*Id.* at 1-2).  The Court cautioned Relator that if he failed to comply with

the Order, the Court may dismiss this action.  (*Id.* at 2).  Relator has failed to

respond to the October 14, 2020 Order.

Because Relator failed to respond to the October 14, 2020 Order, the Court entered an Order to Show Cause (Doc. 18) on November 13, 2020.  The Order to Show Cause (*Id.*) required Relator to show good cause in writing on or before November 30, 2020 why he failed to comply with the October 14, 2020 Order.  (*Id.* at 2).  Additionally, the Court again ordered Relator to secure new counsel and have counsel file a notice of appearance or file a written notice that he intends to proceed without the benefit of counsel.  (*Id.*).  Again, the Court cautioned Relator that if he failed to comply with the November 13, 2020 Order to Show Cause, then the Undersigned would recommend that this action be dismissed for failure to prosecute.  (*Id.*).  Relator failed to comply.

## II.   Legal Standard

Pursuant to Local Rule 3.10(a):

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

M.D. Fla. R. 3.10(a).  The decision to dismiss for want of prosecution is within the Court's discretion.  *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1]  The

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit further stated that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

## III.   Analysis

While dismissal for lack of prosecution is a harsh sanction, the Undersigned can only conclude that Relator's delay and unresponsiveness in this case is willful. *See McKelvey*, 789 F.2d at 1520. Relator has twice failed to comply with Court Orders. In fact, Relator has not filed anything in this case since his attorney withdrew as counsel. At this point, because Relator has blatantly failed to comply with two successive Court Orders and has otherwise made no showing in any respect that he wishes this action to proceed, the Undersigned can only view Relator's actions as willful delay warranting dismissal for failure to prosecute. *See id.*

## CONCLUSION

Accordingly, it is **RESPECTFULLY RECOMMENDED** that Relator's

Complaint (Doc. 2) be dismissed without prejudice for want of prosecution after

providing the United States with reasonable notice and opportunity to state whether

it consents to the dismissal (*see* Doc. 11).

Respectfully recommended in Chambers in Fort Myers, Florida on December

1, 2020.

Mac R. McCoy
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the

Report and Recommendation's factual findings and legal conclusions.  A party's

failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the

Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties